UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.D.C. INTERNATIONAL CORP.,          Case No:
d/b/a E-Z MOVING CO., INC.             Hon:

       Plaintiff,
vs.

E-Z MOVERS, INC.,

       Defendant.

_____

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff, T.D.C. INTERNATIONAL CORP., d/b/a E-Z MOVING CO., INC. ("T.D.C."), by and through its attorneys, GARAN LUCOW MILLER, P.C., hereby files its Verified Complaint against the Defendant E-Z Movers, Inc. ("E-Z Movers") and in support of its Verified Complaint T.D.C. states:

### THE PARTIES

1. Plaintiff T.D.C. International Corp., d/b/a E-Z Moving Co., Inc. (hereinafter "T.D.C.") is a Michigan domestic profit corporation having as its primary business address 33155 Groesbeck Hwy., Fraser, Michigan 48025, and is the successor in interest to G.E. Thompson Development Corporation.

2. Defendant E-Z Movers, Inc. (hereinafter "E-Z Movers") is an Illinois company with an address of 3400 Oakton St., Skokie, Illinois 60076.

### JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1338(a) and (b) and 15 U.S.C. §§1121(a) and 1125(a).

4. This Court may exercise supplemental jurisdiction over pending state claims pursuant to 28 U.S.C. §1367.

5. An actual controversy exists between the parties hereto and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332.

7. This action further arises under 28 U.S.C. §2201 and Plaintiff seeks a declaration that the Defendant, by use of and advertising under the name "E-Z MOVERS" (**Exhibit 1**), infringes Plaintiff T.D.C.'s common law and state registered service marks, including but not limited to, EZ Moving/Moving and Storage; EZ Moving and Storage; and EZ Moving & Storage.

8. Defendant, upon information and belief, engages in continuous and systematic business in Michigan.

9. This Court has jurisdiction over Defendant corporation pursuant to the MCL 600.711 and 600.715, and both state and federal constitutional due process.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(2).

## GENERAL ALLEGATIONS

11. Since at least 1994 T.D.C. either directly or through a predecessor in interest has adopted and is and has been using in connection with its business, the common law marks "EZ Moving -Moving and Storage; EZ Moving and Storage; EZ Moving & Storage; EZ Moving/Moving and Storage; and EZ Moving, both in a stylized and word form.

12. Plaintiff T.D.C. owns common law rights to the use of the service marks identified in Paragraph 11.

13. In addition to holding the common law service marks identified in Paragraph 11,

T.D.C. also holds a State of Michigan registration for EZ Moving & Storage both as a word only mark and as a word and design mark. **Exhibit 2**

14.     Plaintiff T.D.C. owns all rights to the service marks identified in paragraph 13 throughout the State of Michigan pursuant to its State registrations.

15.     Beginning in 1994, T.D.C. through its predecessor in interest, began providing moving and storage services under the marks identified in Paragraphs 11 and 13. Since that time, Plaintiff T.D.C. has continuously used and marketed its local, long distance and international moving and storage services under the aforestated marks throughout the State of Michigan.

16.     This lawsuit concerns the proprietary common law and state service marks developed and owned by T.D.C. that were specifically designed to assist, build and foster its business of providing local, long distance and international moving and storage related services within the State of Michigan, as identified herein.

17.     T.D.C. uses certain state registered and common law service marks in connection with its local, long distance and international moving and storage related services as identified herein.

18.     As a consequence of Plaintiff's long and continuous use of the EZ Moving and Storage marks in Michigan, these marks have come to be associated in the minds of the public with the Plaintiff as relates to local, long distance and international moving and storage related services and, therefore, have established secondary meaning.

19.     Plaintiff's common law service marks have achieved the requisite degree of recognition and celebrity within the minds of the purchasing public.

20.     Plaintiff's service mark EZ Moving & Storage has also received State of Michigan service mark registrations. **Exhibit 2**

21. Defendant E-Z Movers conducts its business activities via an "800 number" (888-917-8300) and via the worldwide web (www.e-zmovers.com).  **Exhibit 3**

22. The allegations contained in this complaint arise out of Defendant E-Z Movers' continuous and systematic business activities throughout Michigan and in particular by way of the following web page locations:

> http://www.e-zmovers.com/Ann_Arbor_Movers.html
>
> http://www.e-zmovers.com/michigan.html
>
> http://www.e-zmovers.com/Lansing_Movers.html
>
> http://www.e-movers.com/Grand_Rapids_Movers.html
>
> http://www.e-zmovers.com/Detroit_Movers.html
>
> http://www.e-zmovers.com/Highland_Park_Movers.html
>
> http://www.123movers.com (This is a paid advertisement which includes as many as 100 links embedded within it covering most if not all zip codes located within the State of Michigan.)

23. As a result of Defendant's actions within the State of Michigan as detailed in this complaint, Defendant competes directly with Plaintiff by providing identical services to many of the same customers serviced by Plaintiff through similar if not identical channels, including but not limited to the worldwide web.

24. Unlike Plaintiff, Defendant E-Z Movers is not accredited with the Better Business Bureau ("BBB").  Further, upon information and belief, E-Z Movers was found to have violated a BBB copyright by using its copyrighted material without permission.

25. According to BBB materials, Defendant E-Z Movers has had over 144 complaints filed against it with the BBB, resulting in a C- rating. **Exhibit 4**

26. According to "Rip Off Report®" Defendant E-Z Movers has at least eleven (11) complaints against it, the most recent being in October of 2012, whereas Plaintiff has zero "Rip Off Reports." **Exhibit 5**

27. As a result of Defendant's use of a confusingly similar, if not nearly identical mark, that is advertised in the same geographic area as Plaintiff via channels similar if not identical to Plaintiff (worldwide web) for identical services there exists a "likelihood of confusion" in the marketplace.

28. Defendant's BBB issues and "Rip Off Reports" adversely effect T.D.C. based on Defendant's use of its confusingly similar mark.

29. Plaintiff has sent correspondence dated October 12, 2012, to Defendant requesting that Defendant immediately cease and desist use of the marks at issue in connection with moving and storage services in the State of Michigan. **Exhibit 6**

30. In a response dated October 22, 2012, Defendant E-Z Movers makes the false statement that E-Z Movers, which advertises under the mark "E-Z Movers" is not the same mark as Plaintiff's mark as the "EZ" used by Plaintiff "is significantly different" than the "E-Z" used by Defendant because of the absence of the dash. **Exhibit 7**

31. In Defendant's October 22, 2012 letter, Defendant also makes the false statement that Defendant E-Z Movers has been using the term "E-Z" prior to Plaintiff T.D.C. despite admitting that Defendant E-Z Movers did not become licensed until 1997 and then only in Illinois while T.D.C. has been operating since 1994 under the mark "EZ."

32.     Despite Plaintiff T.D.C. requesting Defendant E-Z Movers cease and desist all use of its infringing mark(s) in Michigan, Defendant continues to advertise and conduct business in the State of Michigan thereby violating T.D.C.'s rights as set forth herein.

## COUNT I

## UNFAIR COMPETITION, LANHAM ACT (15 U.S.C. §1125(a)) - PALMING OFF

33.     Plaintiff incorporates and re-alleges paragraphs 1-32 of its Complaint as if fully set forth herein.

34.     Defendant knowingly and/or in conjunction with goods and/or services used in commerce words, terms, names, symbols and/or devices and/or combinations thereof in a false or misleading way and/or falsely and misleadingly represented Defendant in a way that would suggest association or affiliation with the Plaintiff.

35.     In making the false and/or misleading representations as noted in Paragraph 34 above, Defendant's actions have or will cause confusion and/or have or will cause a mistake and/or deceive as to the affiliation, connection or association of Plaintiff and Defendant as to the origin, sponsorship or approval of goods and/or services between the parties in violation of 15 U.S.C. §1125(a).

36.     Defendant's actions by way of commercial advertising and/or promotion continue to misrepresent the nature, character, quality and/or origin of Defendant's goods and/or services as being affiliated with Plaintiff in violation of 15 U.S.C. §1125(a).

37.     As a result of Defendant's actions, Defendant is liable for such damages described and identified herein.

WHEREFORE, Plaintiff T.D.C. International Corp., respectfully requests entry of judgment against Defendant as well as costs and fees together with any and such further relief as this Court deems necessary and just and/or set forth in this Complaint.

## COUNT II

### INFRINGING MARKS - SERVICE MARK INFRINGEMENT
### 15 U.S.C. §1125(a)(1)(A), FALSE ASSOCIATION

38. Plaintiff incorporates and re-alleges paragraphs 1-37 of its Complaint as if fully set forth herein.

39. The Lanham Act, 15 U.S.C. §1125(a)(1)(A) prohibits another person from using any word, term, name, symbol, or device, or any combination thereof, on or in connection with any goods or services which are likely to cause confusion or to cause a mistake, or to deceive as to the affiliation, connection, or association of such person with another person.

40. Defendant E-Z Movers' use of the infringing mark(s) in conjunction with the advertising, sale and/or distribution of its products or services and/or its services has caused and/or is likely to cause confusion, to cause a mistake, or to deceive the consuming public as to the affiliation, connection or association of Defendant E-Z Movers with T.D.C.'s service marks as set forth in this Complaint.

41. Upon information, Defendant E-Z Movers has knowingly and intentionally committed and engaged in the infringement and other unlawful and tortuous activities identified in this Complaint with respect to T.D.C.'s service marks.

42. Upon information, since at least October 12, 2012, the date of Plaintiff's cease and desist letter, Defendant has knowingly and intentionally engaged in the infringement of Plaintiff's

proprietary service marks, and other unlawful and tortuous activities identified in Plaintiff's Complaint with respect to T.D.C.'s service marks.

43. Defendant has not obtained Plaintiff's permission or consent to use the infringing marks in Plaintiff's geographical territory.

44. Defendant's actions in the use of the infringing marks have caused and will continue to cause Plaintiffs to suffer damage to its reputation and goodwill and a loss of sales and profits.

45. Unless restrained and enjoined, Defendant will continue to act unlawfully and continue to use the infringing marks and Plaintiff will continue to suffer irreparable damage.

46. It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.

47. Plaintiff's legal remedies fail to adequately compensate it for injuries sustained and threatened.

WHEREFORE, Plaintiff T.D.C. International Corp., respectfully requests entry of judgment against Defendant as well as costs and fees together with any and such further relief as this Court deems necessary and just and/or set forth in this Complaint.

### COUNT III

### INFRINGING MARKS - SERVICE MARK INFRINGEMENT
### 15 U.S.C. §1125(a)(1)(A), FALSE ORIGIN

48. Plaintiff incorporates and re-alleges paragraphs 1-47 of its Complaint as if fully set forth herein.

49. The Lanham Act, 15 U.S.C. §1125(a)(1)(A), prohibits another person from using any word, term, name, symbol, or device, or any combination thereof, on or in connection with any goods or services which are likely to cause confusion or to cause a mistake, or to deceive as to the affiliation, connection, or association of such person with another person.

50. Defendant E-Z Movers' use of the infringing marks in connection with the advertising, sale, and distribution of its products has caused and/or is likely to cause confusion, to cause mistake, or to deceive the consuming public as to the affiliation, connection or association of Defendant E-Z Movers with T.D.C.'s service marks.

51. Upon information, Defendant E-Z Movers has knowingly and intentionally committed and engaged in the infringement and other unlawful and tortuous activities identified in this Complaint with respect to T.D.C.'s service marks.

52. Upon information, since at least October 12, 2012, the date of Plaintiff's cease and desist letter, Defendant has knowingly and intentionally engaged in the infringement of and other unlawful and tortuous activities identified in Plaintiff's Complaint with respect to T.D.C.'s service marks.

53. Defendant has not obtained Plaintiff's permission or consent to use the infringing marks in Plaintiff's geographical territory.

54. Defendant's actions in the use of the infringing marks have caused and will continue to cause Plaintiffs to suffer damage to its reputation and goodwill and a loss of sales and profits.

55. Unless restrained and enjoined, Defendant will continue to act unlawfully and continue to use the infringing marks and Plaintiff will continue to suffer irreparable damage.

56. It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such continuing acts, a multiplicity of judicial proceedings would be required.

57. Plaintiff's legal remedies fail to adequately compensate it for injuries sustained and threatened.

WHEREFORE, Plaintiff T.D.C. International Corp., respectfully requests entry of judgment against Defendant as well as costs and fees together with any and such further relief as this Court deems necessary and just and/or set forth in this Complaint.

## COUNT IV

## INFRINGEMENT OF COMMON LAW SERVICE MARK

58. Plaintiff incorporates and re-alleges paragraphs 1-57 of its Complaint as if fully set forth herein.

59. Plaintiff utilizes the following service marks in both regular font and in fanciful form as a common law service mark: "EZ Moving -Moving and Storage; EZ Moving and Storage; EZ Moving & Storage; EZ Moving/Moving and Storage; and EZ Moving.

60. Upon information, Defendant continues to use the service mark "E-Z Movers" in its operations in the State of Michigan.

61. Having violated and/or otherwise infringed the common law service marks of Plaintiff, T.D.C. is entitled to recover from Defendant those damages identified and which continue to be identified by gains, profits and/or advantages.

WHEREFORE, Plaintiff T.D.C. International Corp., respectfully requests entry of judgment against Defendant as well as costs and fees together with any and such further relief as this Court deems necessary and just and/or set forth in this Complaint.

## COUNT V

### INFRINGEMENT OF STATE OF MICHIGAN REGISTERED SERVICE MARK

62. Plaintiff incorporates and re-alleges paragraphs 1-61 of its Complaint as if fully set forth herein.

63. Plaintiff utilizes EZ Moving & Storage both as words only and as words and design as state registered service marks.

64. Upon information, Defendant continues to use the service mark "E-Z Movers" in its operations in the State of Michigan.

65. Having violated and/or otherwise infringed the common law service marks of Plaintiff, T.D.C. is entitled to recover from Defendant those damages identified and which continue to be identified by gains, profits and/or advantages.

WHEREFORE, Plaintiff T.D.C. International Corp., respectfully requests entry of judgment against Defendant as well as costs and fees together with any and such further relief as this Court deems necessary and just and/or set forth in this Complaint.

## COUNT VI

### INFRINGING MARKS - TORTUOUS INTERFERENCE WITH BUSINESS EXPECTANCIES

66. Plaintiff incorporates and re-alleges paragraphs 1-65 of its Complaint as if fully set forth herein.

67. Since Plaintiff began using its service marks, Plaintiff has had and continues to have business expectancies with third parties by virtue of its use of those marks.

68. That Defendant has knowledge of Plaintiff's business expectancy as reflected in Defendant's use of the infringing marks.

69. Upon information, since Defendant E-Z Movers began operations in Michigan, Defendant knew or should have known about Plaintiff's business expectancies with respect to its service marks by virtue of Plaintiff's use of the marks and registration, in particular registration with the State of Michigan.

70. Upon information, Defendant has knowingly and intentionally interfered with, and/or caused and directed Defendant to interfere with Plaintiff's business expectancies with respect to its service marks, by its purposeful infringement of Plaintiff's marks.

71. Defendant's unlawful interference with Plaintiff's business expectancies has disrupted and diverted those business expectancies from Plaintiff to Defendant.

72. As a result of Defendant's unlawful interference, Plaintiff has suffered and will continue to suffer damages.

73. Unless restrained and enjoined, Defendant will continue to act unlawfully and Plaintiff will continue to suffer irreparable damage.

74. Plaintiff's legal remedies fail to adequately compensate it for injuries sustained and threatened.

WHEREFORE, Plaintiff T.D.C. International Corp., respectfully requests entry of judgment against Defendant as well as costs and fees together with any and such further relief as this Court deems necessary and just and/or set forth in this Complaint.

## COUNT VII

## INJUNCTIVE RELIEF

75. Plaintiff incorporates and re-alleges paragraphs 1-74 of its Complaint as if fully set forth herein.

76. Defendant has and continues to use the common law and state registered service marks of Plaintiff.

77. Defendant has and continues to engage in unfair competition with Plaintiff.

78. Defendant has and continues to engage in false association by use of its infringing marks.

79. Defendant has and continues to engage in false origin by use of its infringing marks.

80. Plaintiff has a strong likelihood of success on the merits.

81. If Defendant is allowed to continue infringing the service marks of Plaintiff and/or otherwise engaging in unfair competition, false association and/or false origin, Plaintiff will suffer irreparable injury should an injunction not be issued.

82. The issuance of an injunction will not cause substantial harm to Defendant as it is improperly using a service mark that causes confusion and, therefore, infringes Plaintiff's mark.

83. The public interest would be best served by issuance of an injunction, preventing Defendant from continuing to engage in unfair competition, false association, false origin, and/or otherwise infringing the service marks of Plaintiff.

84. Plaintiff T.D.C. International Corp. respectfully requests this Court enter an order enjoining Defendant from using the common law service mark and state registered service marks of Plaintiff or otherwise engaging in unfair competition.

WHEREFORE, Plaintiff T.D.C. International Corp., requests judgment against Defendant as follows:

    A.    That Defendant be found liable for unfair competition pursuant to the Lanham Act;

    B.    That Defendant be found liable for false origin;

    C.    That Defendant be found liable for false association;

    D.    That Defendant be found liable for infringement of common law service mark;

    E.    That Defendant be found liable for infringement of state registered service mark;

    F.    That Defendant be found liable for tortuous interference with business expectancies;

    G.    That Plaintiff be awarded injunctive relief;

    H.    That Plaintiff be awarded Defendant's profits pursuant to 15 U.S.C. §1117(a);

    I.    That Plaintiff be awarded treble and either actual or statutory damages in an amount to be determined at trial pursuant to 15 U.S.C. §1117(a);

    J.    Plaintiff be awarded costs, as permitted by 15 U.S.C. §1117(a);

    K.    Plaintiff be awarded its reasonable attorney fees in this exceptional case;

    L.    Defendant be directed to immediately cease using and cancel the following domain names:

        http://www.e-zmovers.com/Ann_Arbor_Movers.html

        http://www.e-zmovers.com/michigan.html

        http://www.e-zmovers.com/Lansing_Movers.html

        http://www.e-movers.com/Grand_Rapids_Movers.html

        http://www.e-zmovers.com/Detroit_Movers.html

        http://www.e-zmovers.com/Highland_Park_Movers.html

       http://www.123movers.com (This is a paid advertisement which includes as many as 100 links embedded within it covering most if not all zip codes located within the State of Michigan.)

or immediately transfer to Plaintiff ownership of these domain names.

M.    Defendant be enjoined from directly or indirectly, alone or in concert with others, using or registering as a domain name, any name without limitation which would result in infringement of Plaintiff's service marks to and including any and all websites that identify cities, counties, zip codes, etc. with a geographic area of the State of Michigan in connection with an infringing mark;

N.    Enter an Order directing Defendant to engage in corrective advertising;

O.    That the Court grant such other relief as the Court deems just and equitable including interest and costs;

P.    That Defendant be required to deliver up for impoundment or destruction all materials in Defendant's position or under its control which bear or display marks utilizing term "E-Z Movers" and/or any others, including any and all websites that identify cities, counties, zip codes, etc. with a geographic area of the State of Michigan in connection with an infringing mark that are likely to cause confusion or false designation of origin with the marks owned by Plaintiff;

Q.    That Defendant shall immediately cease all advertising and promotions regardless of the medium, that bear, display, or otherwise utilize the term "E-Z Movers" or any others including any and all websites that identify cities, counties, zip codes, etc. with a geographic area of the State of Michigan in connection with an infringing mark that are likely to cause confusion or false designation of origin with the marks owned by Plaintiff; and

R. Immediately cause to be removed from the internet, whether in a website, as a metatag or as part of a search engine, any reference to marks that are confusingly similar to Plaintiff's, including but not limited to "E-Z Movers," including any and all websites that identify cities, counties, zip codes, etc. with a geographic area of the State of Michigan in connection with an infringing mark.

I declare that the factual statements above are true to the best of my information, knowledge and belief.

_____
T.D.C. INTERNATIONAL CORP., d/b/a
E-Z MOVING CO., INC., by its President
GREGORY E. THOMPSON, SR.


GARAN LUCOW MILLER, P.C.

_____
TIMOTHY J. JORDAN (P46098)
Attorneys for Plaintiff
1000 Woodbridge Street
Detroit, MI 48207-3192
(313) 446-5531
P46098
tjordan@garanlucow.com

Dated: January 14, 2013

1064288.1

16