**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

T.D.C. INTERNATIONAL CORP.,
d/b/a E-Z MOVING CO., INC.,

    Plaintiff,            Case No: 13-10195

vs.                   HON. AVERN COHN

EZ MOVERS, INC.,

    Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING IN PART**
**AND DENYING IN PART PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT (Doc. 18) AND GRANTING**
**IN PART AND DENYING IN PART DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT (Doc. 20) AND DISMISSING**
**AS MOOT DEFENDANT'S MOTION TO STRIKE (Doc. 26)**

### I. INTRODUCTION

This is a trademark infringement case. Plaintiff T.D.C. International Corp., d/b/a/ E-Z Moving Co., Inc. (Plaintiff), a Michigan moving and storage company, has state registered service mark rights to "EZ Moving/Moving and Storage," in both word form and design, in the State of Michigan. Plaintiff uses its mark in connection with providing moving and storage services in Michigan. Plaintiff is suing Defendant E-Z Movers, Inc. (Defendant), an Illinois company engaged in the same business, for allegedly using its protectable mark to solicit customers in Michigan for intrastate moving services through the Internet and other means in violation of trademark laws. Plaintiff claims:

  Count I    Unfair Competition, Lanham Act (15 U.S.C. §1125(a)) - Palming Off

  Count II   Infringing Marks - Service Mark Infringement 15 U.S.C. § 1125(a)(1)(A), False Association

Count III    Infringing Marks - Service Mark Infringement 15 U.S.C. § 1125(a)(1)(A), False Origin

Count IV    Infringement of Common Law Service Mark

Count V     Infringement of State of Michigan Registered Service Mark[1]

Before the Court are cross motions for summary judgment. Plaintiff moves for partial summary judgment on the grounds that Defendant's use of the term "E-Z Movers," its company name, in soliciting customers in Michigan, infringes on Plaintiff's service mark rights under the common law and Lanham Act (Doc. 18). Defendant moves for summary judgment on the grounds that the terms comprising Plaintiff's marks are generic with respect to moving/storing services or, in the alternative, the terms are descriptive without secondary meaning (Doc. 20). In addition, Defendant has moved to strike certain documents Plaintiff relies on for its position (Doc. 26).

The Court heard oral argument in October, 2013 at which time multiple issues were resolved. First, Defendant, through its attorney, represented on the record that it did not engage in intrastate movement of goods in Michigan in the past, and does not plan to do so in the future. Indeed, Defendant is not licensed by the State of Michigan to conduct intrastate business. Thus, partial summary judgment is GRANTED to Plaintiff on this issue insofar as it was ever in dispute. Second, Plaintiff clarified that it does not contest Defendant's advertising for or conducting interstate business in Michigan. (Doc. 34 at 4–5, 10/29/2013 Hearing Tr.). Therefore, partial summary judgment is GRANTED to Defendant on this issue.

---

[1] Plaintiff also brought a claim for tortious interference with business expectancies (Count VI) and injunctive relief (Count VII). The Court entered a stipulated order dismissing Counts VI and VII. (Doc. 17).

During oral argument the remaining issue in dispute, stripped of the excessiveness of the parties' briefs, boiled down to whether Defendant's Internet advertising directed to people in Michigan, through both special purpose web pages and search engines listing moving services, infringes on Plaintiff's protectable trademark rights. The Court solicited the parties to submit supplemental papers on this issue. Both parties have submitted supplemental papers (Docs. 35, 36, 37). For the reasons that follow, summary judgment is GRANTED to Plaintiff on this issue.

## II. BACKGROUND

Plaintiff and Defendant are both in the moving and storage industry and use the terms "EZ" and "Moving" or "Mover," terms which comprise their company names, in connection with their respective businesses. The terms are used in advertisements in the Yellow Pages, the Internet, and are displayed on company moving vehicles.

### A. The Plaintiff

Plaintiff is based in Fraser, Michigan. It was organized in 1997 by father Greg Thompson Sr. (Thompson Sr.) and son Greg Thompson Jr. (Thompson Jr.).[2] The same year it was organized, Plaintiff acquired EZ Moving Co., a moving company formed by Martin Siersma in 1994. Since purchasing the company, Plaintiff has been providing intrastate moving services in Michigan using the name "EZ Moving Co." As early as 1997, Plaintiff advertised in the Yellow Pages using the name "EZ Moving and Storage Inc" and used the slogan, "Making Moving Easier For You." Plaintiff also advertised that it provided

---

[2] The Court will refer both to T.D.C. International Corp. and G.E. Thompson Development Corporation as "Plaintiff." T.D.C. International Corp. is successor in interest to G.E. Thompson. The Thompsons have always been owners of both companies.

3

servicing to the "Great Lakes region" to promote its services for customers moving from Southern Michigan to Northern Michigan.

Around 2000, Plaintiff sought and received a United States "DOT number" and a "ICC MC number" from the Department of Transportation, and began offering interstate movement of goods services. Today, Plaintiff owns eight trucks and has between 10 and 15 employees. It operates using the name "EZ Moving-Moving & Storage." In addition to its moving services, Plaintiff has 330 storage units in Fraser, Michigan. Plaintiff maintains an Internet presence at www.ezmovingandstorage.com and uses other speciality web pages to direct traffic to its web pages.

**B. The Defendant**

Defendant was incorporated in Illinois in 1997 and is owned by Eric HaGoel. It has a single location in Skokie, Illinois where it operates over 20 trucks and has approximately 80 employees. Defendant is licenced by the Federal Motor Carrier Safety Administration within the Department of Transportation and provides interstate moving services, as well as intrastate moving services in Illinois. Defendant contends that it has used its interstate license to conduct business–moving customers–to and from Michigan since 1997, and has records to show it has provided these services since January 4, 2001.

**C. The Dispute**

Plaintiff claims trademark infringement. Plaintiff says that Defendant advertises for, and provides, intrastate moving services within the State of Michigan. This, according to Plaintiff, creates a likelihood of confusion among consumers and violates trademark laws.

Both parties use a logo which appears on their web pages, on moving vehicles, and on an Internet search engine, 123Movers.com, specifically for moving companies advertising their businesses.

Plaintiff's logo:                                              Defendant's logo:




In February of 2012, Plaintiff obtained registration from the State of Michigan for the service mark "EZ Moving Moving & Storage." The registration covered both word form and design.

Subsequent to the state registration, in October of 2012, Plaintiff sent Defendant a cease and desist letter asking that it stop using "E-Z Movers" in advertising its services in the State of Michigan. Defendant responded and asserted that it did not do any local business in the State of Michigan. Defendant stated that "it merely conducts an interstate business, pursuant to its Federal license, transporting household goods in interstate and/or foreign commerce." In addition, Defendant stated that Plaintiff's mark was not distinctive and, therefore, not protectable under law.

### III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Revised Rule 56 expressly provides that:

5

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support a fact.

Fed. R. Civ. P. 56(c)(1).

The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike Cnty. Bd. of Ed.*, 286 F.3d 366, 370 (6th Cir. 2002).

## IV. DISCUSSION

### A. Trademark Law Generally

The law governing this dispute is thoroughly described in the Court's decision in *Comerica Incorporated v. Fifth Third BankCorp*, 282 F. Supp. 2d 557, 567 (E.D. Mich. 2003), from which the Court quotes at length:

> 1.
> Generally speaking, trademark law is intended primarily to benefit the consumer. As stated in 3 J. McCarthy, *McCarthy on Trademarks and Unfair Competition* § 2:33:
>
>> Trademark law insures that brand information received by the consumer is accurate: "By insuring correct information in the market place, the [trademark] laws reduce losses caused by misunderstanding and deceit and they permit consumers and merchants their own welfare confident that the information presented is truthful." (citation omitted)[.]
>
> *See also Qualitex Co. v. Jacobson Products Co., Inc.*, 514 U.S. 159, 163–64 (1995) ("In principle, trademark law, by preventing others from copying a source-identifying mark . . . 'reduce[s] the consumer's costs of shopping and making purchasing decisions.' " (citations omitted)).
>
> 2.
> The merits of the case are governed by section 43 of the Lanham Act, 15 U.S.C. 1125(a),[9] which "was intended to make 'actionable the deceptive and misleading use of marks' and 'to protect persons engaged in . . . commerce against unfair competition.' " *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767–68 (1992) (quoting § 45, 15 U.S.C. § 1127).

---

[9] Section 1125(a) reads in pertinent part:
(1) [a]ny person who . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. . . .

shall be liable in a civil action by any person who believes that he or she is likely to be damages by such act.

7

―――

To establish a right under § 1125(a), a plaintiff must show: (1) ownership and continuous use of a specific trademark in connection with specific services, (2) secondary meaning if the mark is descriptive, and (3) a likelihood of confusion among consumers resulting from defendant's use of its mark. *See Homeowners Group, Inc. v. Home Marketing Specialists, Inc.*, 931 F.2d 1100, 1105 (6th Cir. 1991). The standard is the same under Michigan law. *See Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 833 (6th Cir. 1983); *Schreiber Mfg. Co. v. Saft America, Inc.*, 704 F. Supp. 759, 769 (E.D. Mich. 1989); *Empire Nat. Bank of Traverse City v. Empire of America FSA*, 559 F. Supp. 650, 654 (W.D. Mich. 1983).

**B. Defendant's Internet Advertising Is Deceptive**

**1.**

Although Defendant argues that it does not provide intrastate moving services within the State of Michigan because it does not have a license to do so, and Plaintiff has not proffered any evidence showing that Defendant has conducted intrastate business within Michigan, Defendant's special purpose web pages and advertising on 123Movers.com deceptively show that it conducts "local" moves in Michigan. This advertising must be limited so that Michigan consumers are not misled into believing that Defendant conducts intrastate business. This will also remedy Plaintiff's concern that there is confusion among Michigan consumers between Plaintiff's and Defendant's respective businesses.

*First*, Plaintiff has proffered evidence that Defendant advertises on special purpose web pages. For example, Defendant advertises using the web page www.e-zmovers.com/Detroit_Movers.html. The web page shows that Defendant is "Detroit Movers of E-Z Movers," and that it can service long distance, local, residential, or commercial moves. Defendant maintains identical web pages for multiple cities in Michigan, including Grand Rapids, Lansing, Shelbyville, and Ann Arbor, among others. These web pages are misleading. To a customer searching for a moving company for a local move in Michigan,

Defendant's web pages advertise that it is a local company that can service such moves. This is not true. In reality, Defendant does not have a license to conduct intrastate business in Michigan and cannot perform local moves within the state.

**2.**

Defendant's special purpose web pages must be changed to clearly reflect that it is a Chicago, Illinois interstate moving company. Any reference to it being a "Michigan" mover, or that it can conduct local moves in Michigan is misleading and must be removed from its web pages.

**3.**

*Second*, Plaintiff has proffered evidence that Defendant advertises on 123Movers.com, an Internet search engine used to search for moving companies. For example, when a consumer visits 123Movers.com and types the phrase "Find Moving Companies in Detroit, Michigan," both Plaintiff's and Defendant's companies appear in the search results. The search results for Defendant say:

> E-Z Movers Detroit, Michigan. Thank you for considering E-Z Movers, Inc. for your upcoming move. E-Z Movers has been moving Chicago's businesses and families for over 18 years. We take pride in our work and are not satisfied until we completely please our customers. Whether. . .

The same results appear when searching for moving companies in multiple other cities in Michigan, including Grand Rapids, Ann Arbor, Battle Creek, Dearborn, East Lansing, and Flint, among others.

**4.**

Defendant's advertising through 123Movers.com, like its special purposes web pages, is misleading. Although the description that appears next to Defendant's name in

9

the search results show that it "has been moving Chicago's businesses," the fact that Defendant's company appears in search results when searching for *Michigan* moving companies is deceptive. Consumers searching for Michigan moving companies see Plaintiff's and Defendant's companies side by side, even though Defendant is not a Michigan company and cannot do intrastate moves in Michigan. Defendant's company should not appear in a search result, whether on 123Movers.com or otherwise, for Michigan moving companies.

**5.**

As explained in Plaintiff's supplemental statement of facts:

5. Defendant targets advertising, via the internet, directly to Michigan residents as a Michigan advertisement to solicit Michigan residents as potential customers for moves originating in Michigan by Way of Defendant's direct websites: www.e-zmovers.com/michigan.html; www.ezmovers.com/Detroit_Movers.html; www.e-movers.com/Grand_Rapids_Movers.html; www.e-zmovers.com/Lansing_Movers.html; www.e-zmovers.com/Shelbyville_Movers.html and www.e-zmovers.com/Ann_Arbor_Movers.html. **Exhibit 5**

6. Defendant also targets Michigan residents as potential customers by advertising E-Z Movers as a moving company in: Detroit; Grand Rapids; Ann Arbor; Battle Creek; Dearborn; East Lansing; Flint; Fraser; Kalamazoo; Rochester; by way of example, via www.123Movers.com. **Exhibit 6.**

7. Defendant's advertising on the [I]nternet involves target advertising to Michigan residents, by way of statements such as: "At E-Z Movers we have a group of **Ann Arbor** movers dedicated to serving the **Ann Arbor area**. With us, you will get the best moving services, which cover distance and local relocations." **Exhibit 7**

(Doc. 35 at 2, Pl's. Supplemental Facts).

### V. RELIEF

**A. Injunctive Relief**

Plaintiff shall submit a form of order granting injunctive relief prohibiting Defendant from advertising that it does intrastate business within Michigan or that it is a Michigan

company within 14 days of entry of this order. Defendant shall have 7 days after to lodge with the Court any substantive objections to the form of order.[3]

**B. Damages**

Plaintiff also seeks damages by way of (1) disgorgement of Defendant's profits; and (2) treble, actual or statutory damages. Plaintiff has not proffered any evidence related to damages. Specifically, Plaintiff has not proffered any evidence that Defendant has, in fact, done any intrastate moving within Michigan and gained a profit from such moves. Plaintiff shall have 14 days of entry of this order to supplement the record by detailing its damages, or it may withdraw its request for damages. Defendant shall reply within 7 days of Plaintiff's filing.

## VI. CONCLUSION

For the reasons stated above, Plaintiff's motion for partial summary judgment was granted in part and denied in part, Defendant's motion for summary judgment was granted in part and denied in part, and Defendant's motion to strike was dismissed as moot. Plaintiff is entitled to injunctive relief insofar as it seeks to prevent Defendant from advertising as a "Michigan" company, or that it can provide intrastate moves within the State of Michigan.

**SO ORDERED.**

Date: January 13, 2014          s/ Avern Cohn
                                UNITED STATES DISTRICT JUDGE

---

[3] Defendant filed a motion to strike certain exhibits Plaintiff relied on in its papers. (Doc. 26). The exhibits are not relevant to the Court's decision. Therefore, Defendant's motion to strike is DISMISSED AS MOOT.

11

CERTIFICATION

      I hereby certify that a copy of this Order was served upon counsel of record electronic means on this 13th day of January, 2014.

                                                s/ Carol J Bethel
                                                Case Manager